UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC., <br><br> Plaintiff, <br><br> v. <br><br> ALTARIK WHITE and COACH INVESTMENTS & DEVELOPERS, jointly, severally, and in the alternative, <br><br> Defendants. | Civ. No. 2:12-cv-07393 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Petitioner Doctor's Associates Inc. ("Petitioner") brings this uncontested motion for a default judgment confirming an arbitration award against Altarik B. White and White's alleged alter ego, Coach Investments and Developers, LLC d/b/a Coach Investments and Developers (together "Respondents"), a non-party to the arbitration. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the petition is **GRANTED IN PART**, and **DENIED IN PART**. The Award is **CONFIRMED** against White but not against Coach Investments and Developers, LLC.

      Petitioner is the franchisor, owner, and operator of the Subway chain of restaurants. Am. Compl. ¶ 9, ECF No. 5. On September 28, 2006, Petitioner and Respondent Altarik White entered into a franchise agreement (the "Agreement") for the operation of a Subway restaurant. *Id.* ¶ 15; *see also* Franchise Agreement, Ex. A to Durso Cert., ECF No. 10-3. The Agreement provided that disputes would be submitted to arbitration. Am. Compl. ¶ 22; *see also* Franchise Agreement ¶ 10.

      On July 9, 2012, arbitrator Charles DiFazio (the "Arbitrator") determined that White had breached the Agreement. Arbitration Award ("Award"), Ex. B to Durso Cert., ECF No. 4. Accordingly, the Arbitrator issued an award (the "Award") terminating White's franchise. *Id.* ¶ 2. The Award required White to disidentify his Subway restaurant, stop using Subway trademarks, and refrain from engaging in sandwich business within three miles of any Subway restaurant. *Id.* ¶¶ 3, 5; *see also* Franchise Agreement ¶¶ 8(e), (g). The Award also required White to pay Petitioner $250 per day until White complied with Award. Award ¶ 4; *see also* Franchise Agreement ¶ 8(e). Finally, the Award required White to pay arbitration fees totaling $1,757.80. *Id.* ¶¶ 6, 8; *see also see also* Franchise Agreement ¶ 10(a). On July 10, 2012, a copy of the Award

was served on White.  Am. Compl. ¶ 25.  White failed to comply with the Award from July 9, 2012 until August 29, 2012, a total of 51 days.  Durso Cert. ¶ 9, ECF No. 10-2.

On December 3, 2012, Petitioner filed a complaint seeking a default judgment confirming the Award against White and "Coach Investments & Developers."  ECF No. 1.  On April 29, 2013, Petitioner filed an Amended Complaint.  ECF No. 5.  The Amended Complaint contains nine counts.  Count I is a claim for a judgment confirming the Award.  Counts II-IX are substantive law causes of action seeking relief identical to the relief provided in the Award.  Petitioner's Br. at 20-21 (Counts II-IX "mirror[] the monetary and injunctive relief contained in the Arbitration Award . . . .").

On August 7, 2013, the Clerk of the Court entered default against White and Coach Investments & Developers.  ECF No. 9.  After Petitioner filed the Amended Complaint, Petitioner learned that the full name of Coach Investments & Developers is actually "Coach Investments & Developers **LLC**" (emphasis added).  Petitioner asks that the caption be amended accordingly.  The Court will **GRANT** this request.

On August 16, 2013, Petitioner served Respondents with the instant motion for default judgment.  ECF No. 10-10.  "Default judgments are generally inappropriate in proceedings to confirm an arbitration award."  *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Premium Systems, Inc.*, 2012 WL 3578849, No. 12-1749, (S.D.N.Y. Aug. 20, 2012) (internal quotations and citations omitted).  Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions."  *Id.* (internal quotations and citations omitted).  Accordingly, the Court will address only Count I—the claim for confirmation of the Award—and not Counts II-IX, which seek a default judgment providing relief identical to the relief sought in Count I.

Under the Federal Arbitration Act, courts defer heavily to arbitrators.  Courts vacate arbitration awards "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4); *see also* 9 U.S.C. §§ 10(a)(1)-(3) (providing additional grounds for *vacatur*).  The Court finds that this standard has not been met.  Accordingly, the Court will **CONFIRM** the Award against White.

Petitioner also maintains that the Court should confirm the Award against Coach Investments and Developers, LLC on alter-ego grounds—even though Coach Investments and Developers, LLC was not a party to the Award or the Agreement.  The Court will **DENY** this request.  In *Langlais v. PennMont Ben. Services, Inc.*, No. 11-5275, 2012 WL 2849414, at *7 (E.D. Pa. July 11, 2012) (citing *Orion Shipping & Trading Co. v. E. States Petroleum Corp.*, 312 F.2d 299 (2d Cir. 1963)), the court refused to confirm an arbitration award against the alter-ego of a non-party to an arbitration.  The *Langlais* court explained: "a confirmation proceeding is not the appropriate time to delve into those potentially fact-based determinations, particularly in light of the federal policy in favor of speedy confirmation of arbitration awards."  *Id.*  The Court agrees with *Langlais* that "[d]etermining at this point whether the non-signatory respondents in this case are bound to the arbitration clause would overly complicate the confirmation proceedings."  *Id.*  After judgment is entered against White, Petitioner may attempt to

enforce the award against Coach Investments and Developers, LLC.  An appropriate order follows.

> /s/ William J. Martini
> **WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 17, 2013**