UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOCTOR'S ASSOCIATES INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALTARIK WHITE and COACH INVESTMENTS & DEVELOPERS, jointly, severally, and in the alternative,<br><br>Defendants. | Civ. No. 2:12-cv-07393 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiff Doctor's Associates, Inc. ("DA") moves without opposition for partial reconsideration of the Court's September 17, 2013 order confirming an arbitration award against Defendant Altarik White and refusing to confirm the award against Defendant Coach Investments & Developers ("Coach"). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, DA's motion is **GRANTED**.

  The Complaint and the Certification submitted by Plaintiff allege the following: Altarik White entered into an agreement (the "Agreement") with DA to operate a Subway franchise. Am. Compl. ¶ 15, ECF No. 5. White subsequently assigned his rights under the Agreement to Coach. Durso Certification ¶ 17, ECF No. 10-2; Agreement ¶ 9(b), ECF No. 10-3. Pursuant to paragraph 9(b) of the Agreement, White promised that if he breached the Agreement and a judgment was entered in DA's favor, DA could enforce the judgment against Coach. *Id.*

  According to the certification of Melissa Durso, an attorney for DA, Coach is White's alter ego. Durso justifies this allegation based partly on the reasons set forth in DA's memorandum of law, which alleges, upon information and belief, that White is Coach's majority owner, that Coach was created solely to administer White's obligations under the Agreement, and that White is likely insolvent and living off the income from Coach. Durso Certification ¶ 19; *see also* DA's Memorandum of Law at 16-18, ECF No. 10-1. Finally, the Complaint alleges that White made "all or most" of his payments to DA from a checking account jointly held by White and Coach. Am. Compl. ¶ 37.

  At a certain point (it is unclear when), DA initiated arbitration based on an alleged breach of the Agreement. White was a named party in the arbitration; Coach was not. On July 9, 2012, arbitrator Charles DiFazio agreed that White had breached the

1

Agreement, and he entered an arbitration award (the "Award") in favor of DA, and against White. ECF No. 10-4. Subsequently, DA initiated the instant lawsuit against White and Coach.

The Amended Complaint contains nine counts. Count I is a claim for confirmation of the Award against White. Counts II is a claim for alter ego liability. Count III is a claim for trademark infringement under the Lanham Act. Count IV is a claim for false advertising under the Lanham Act. Count V is a claim for trademark infringement under the common law and unfair competition under the Lanham Act. Count VI is a claim for trademark dilution under the Lanham Act. Count VII is a claim for unfair competition and trademark infringement under the common law. Count VIII is a claim for unfair trade practices and unfair competition under N.J.S.A. §§ 56:3-13.2 and 56:3-13.6. Count IX is a claim for trademark dilution under N.J.S.A. § 56:3-13.20.

On August 16, 2013, DA brought a motion to amend the caption, a motion to confirm the Award against White, and a motion for default against Coach. The Court granted the motion to amend the caption. The Court granted the motion to confirm the Award against White. The Court treated the motion for default against Coach as a motion to confirm the Award against Coach on alter ego grounds, but the Court then denied the motion to confirm. The Court refused to confirm the arbitration award against Coach based on caselaw holding that a confirmation proceeding was not the proper time to make alter-ego determinations. ECF No. 11 at 2 (citing *Langlais v. PennMont Ben. Services, Inc.*, No. 11-5275, 2012 WL 2849414, at *7 (E.D. Pa. July 11, 2012) and *Orion Shipping & Trading Co. v. E. States Petroleum Corp.*, 312 F.2d 299 (2d Cir. 1963)). The Court erred.

DA maintains that unless the Court reconsiders its decision, White will be allowed to hide behind his alter ego, and DA will not be able to enforce the monetary award deemed appropriate by the arbitrator.

A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Here, the Court finds that reconsideration is needed to prevent an injustice: namely, the possibility that DA will not be able to recover against White because White is hiding behind an alter ego. Upon reconsideration of its prior Opinion, the Court finds that it erred in holding that the Award could not be confirmed against Coach. The Court was correct to identify the general rule that "[a]n action to confirm an arbitration award cannot be used . . . to impose liability against a nonparty to the arbitration proceeding even where the nonparty is alleged to be an 'alter ego' of a party to the arbitration." *See District Council 1707 v. Association of Black Social Workers Day Care*, No. 9-5773, 2010 WL 1049617, at *2 (S.D.N.Y. Mar. 22, 2010) (citing *Orion Ship & Trading Co. v. Eastern States Petrol. Corp.*, 312 F.2d 299, 301 (2d Cir. 1963)). However, the Court was

incorrect when it held that this rule applies when Defendants have not entered an appearance in a litigation. *Id.*

As such, the question before this Court is whether the Court should "pierce the corporate veil" and find that Coach is White's alter ego. Here, the Court applies a summary judgment standard. *See District Council 1707*, 2010 WL 1049617, at *2. "To pierce the corporate veil or assert alter ego liability under New Jersey law, a plaintiff must allege two prongs: (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Pactiv Corp. v. Perk-Up, Inc.*, No. 8-5072, 2009 WL 2568105, at *5 (D.N.J Aug. 18, 2009) (quoting *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002)). Here, DA claims that Coach was created solely to administer White's obligations under the Agreement, and that White guaranteed that DA could enforce judgments against Coach. DA also claims that White is likely insolvent and living off the income from Coach. The fact that White has refused to appear in this case suggests that White is hoping to avoid having to pay a judgment by hiding behind Coach. The Court is convinced that an alter ego finding is appropriate.[1]

The Court will **GRANT** DA's motion for partial reconsideration and **CONFIRM** the Award against Coach on alter ego grounds.

                                                                /s/ William J. Martini
                                                  **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 29, 2014**

---

[1] In the alternative, the Court notes that it would be proper to enforce the Award against Coach based on paragraph 9(b) of the Agreement, in which White promised that DA could enforce against Coach any judgments entered against White.